## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY CLAY,

              **Plaintiff,**

v.

MAM TRANSPORTATION and        **Case No. 23-CV-03159-SPM**
ANDINET T. FIRISSA,

              **Defendants.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Defendants MAM Transportation and Andinet T. Firissa's[1] Motion to Strike Allegations 28 and 29 of Plaintiff Anthony Clay's Complaint. (Doc. 13). Having been fully informed of the issues presented, the Court **DENIES** Defendants' Motion to Strike.

The instant matter arises from a collision between two tractor-trailer trucks on February 10, 2023. (*See* Doc. 1, ¶ 7). Clay alleges that, while driving southbound on I-57 in Illinois, he encountered Firissa's tractor-trailer merging into traffic after stopping on the shoulder. (*See id.*, ¶ 26). Firissa's tractor-trailer was allegedly experiencing various electrical and mechanical malfunctions. (*See id.*, ¶¶ 8–25). Clay brings the instant action seeking damages relating to his injuries from the crash (including broken ribs and a broken neck), as well as the associated transportation and medical costs, lost wages, and loss of enjoyment of daily life. (*See id.*, ¶¶ 32, 45,

---

[1] The Court will refer to the Defendants collectively as "MAM Transportation."

49, 62). Clay's Complaint alleges four causes of action: negligence directed against Firissa himself (Count I); vicarious liability for Firissa's negligence directed at MAM Transportation (Count II); negligent entrustment directed at MAM Transportation (Count III); and negligence directed at MAM Transportation for operating a defective tractor-trailer truck (Count IV). (*See id.*, ¶ 7–62). MAM Transportation filed an Answer refuting the allegations in the Complaint. (*See* Doc. 12). MAM Transportation contemporaneously filed the instant Motion to Strike. (*See* Doc. 13).

MAM Transportation argues that two of Clay's allegations should be stricken: (1) the allegation that Firissa was issued a traffic citation for operating his truck below the legal speed limit (Doc. 1, ¶ 28); and (2) the allegation that the Illinois State Police's (ISP's) determination that the primary cause of the accident was allegedly Firissa's failure to yield to Clay's right-of-way and because of Firissa's alleged inexperience operating the truck. (*See id.*, ¶ 29). MAM Transportation argues that these particular allegations are immaterial, impertinent, and prejudicial to the Defendants. (*See* Doc. 13, pp. 2–3).

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Such action may be taken either upon a party's motion or sua sponte. *See id.* Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue

burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). The determination of whether to strike under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

MAM Transportation argues that, while a guilty plea is admissible as evidence against a defendant, the issuance of a traffic citation itself is not admissible. (*See* Doc. 13, ¶ 5 (citing *Lynch v. Bielicke*, No. 17-cv-1142-JPG-RJD, 2019 WL 1670804, at *2 (S.D. Ill. Apr. 17, 2019))). In *Lynch*, however, the procedural posture was a motion for summary judgment; the issue before the court was whether or not a guilty plea would establish as a matter of law that the party who pleaded was at fault. (*See Lynch*, 2019 WL 1670804, at *2). While the Seventh Circuit has not taken up the admissibility of traffic citations explicitly, other circuits have indicated that the admission of a traffic citation is prejudicial in the absence of the defendant's admission in response. *See, e.g.*, *Smith for Schwartz v. Woolace Elec. Corp.*, 822 F. App'x 409, 415 (6th Cir. 2020) ("Including evidence of a traffic citation in a negligence action is substantially more unfairly prejudicial than probative if the cited individual has not pleaded guilty to the citation. This is because the alleged offender has neither admitted fault nor defended the citation action in quite the way he would defend a negligence tort action." (citing *Hill v. Rolleri*, 615 F.2d 886, 890 (9th Cir. 1980))); *see also Hillyer v. David Phillips Trucking Co.*, 606 F.2d 619, 620 (5th Cir. 1979).

MAM Transportation next argues that the allegations in ¶ 29 are immaterial, impertinent, and prejudicial because they reference the conclusions of the responding officer who did not personally witness the accident in question. (*See* Doc. 13, ¶ 6).

MAM Transportation argues that police reports are generally inadmissible. *See Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (citing Fed. R. Evid. 803(8), cmt. (c)). Even though public records are generally admissible, "the courts usually exclude statements contained in such reports or records concerning the cause of or responsibility for an injury to the person or damage to property." 69 A.L.R.2d 1148 § 2; *see also id.* § 3[b] (collecting cases). However, while "[c]ommittee notes to the Rules of Evidence are 'entitled to our respectful consideration,' . . . they are by no means binding." *Daniel v. Cook Cnty.*, 833 F.3d 728 (7th Cir. 2016) (first quoting *United States v. Dawson*, 434 F.3d 956, 958 (7th Cir. 2006); then citing *Deppe v. Tripp*, 863 F.2d 1356, 1362 (7th Cir. 1988)).

Fed. R. Evid. 803(8)(A)(iii) permits the admission of "factual findings from a legally authorized investigation," which can "take the form of an evaluative report containing both opinions and conclusions." *Daniel*, 833 F.3d at 740 (citing *Jordan*, 712 F.3d at 1132). The trial court is provided the "discretion to exclude the report if circumstances demonstrate a lack of trustworthiness." *Id.* Moreover, "[t]he burden to show untrustworthiness lies on the party seeking to exclude an evaluative report." *Id.* (citing *Jordan* at 1134). It is assumed that public officials perform their duties "properly and without bias." *Id.* (citing *Jordan* at 1132). In *Daniel*, the report in question was produced by the Department of Justice as part of an investigation of health conditions at a jail. *See id.* The Sixth Circuit concluded that this report had sufficient trustworthiness so as to render it admissible. *See id.* at 740–42. In *Jordan*, the Seventh Circuit determined that the district court did not abuse its discretion in admitting portions of a crash report that were not hearsay. *See Jordan* at 1131–35.

Key to the analysis in Jordan was that some of the statements in the crash report in question were not hearsay, but rather were admissions of party-opponents under Fed. R. Evid. 801(d)(2)(A). *See Jordan* at 1127 (citing the same).

Turning to our facts, it is unclear whether or not the crash report in question was based on hearsay from witnesses who are not party-opponents, especially since MAM Transportation did not forward this Court a copy of the police report in question.[2] However, a report prepared by a police officer who arrived at the scene after the accident is likely to contain hearsay, as evidence was collected from those involved in the accident and from eyewitnesses. *See Jordan* at 1127. Regardless of the status of the crash report in question, the plaintiff must meet his or her burden to prove each element of negligence by a preponderance of the evidence. *See, e.g.*, *Vesely v. Armslist LLC*, 762 F.3d 661, 665 (7th Cir. 2014) ("To prevail on a claim of negligence under Illinois law, a plaintiff must 'prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach.'" (quoting *Buechel v. United States*, 746 F.3d 753, 763–64 (7th Cir. 2014))).

All of this aside, MAM Transportation's Motion to Strike jumps ahead of the procedural posture of this case. The Court is not convinced that "the allegations contained in paragraph 28 and 29 of the Complaint are seeking to get through the back door via judicial admission inadmissible, immaterial, impertinent, and redundant material that it would not be permitted to present to the finder of fact."

---

[2] While references were made to "Exhibit A" in the Motion to Strike (*see* Doc. 13, p. 2), MAM Transportation did not include it in their filing.

(Doc. 13, p. 3). The allegations are just that—allegations made in a well-pleaded complaint in accordance with Rule 3 of the Federal Rule of Civil Procedure. Thus, because motions to strike are strongly disfavored, especially at the pleading stage before discovery has occurred, the Court declines to strike ¶¶ 28–29 from the Plaintiff's Complaint. The Defendants will have the opportunity to further develop their arguments later on once discovery has commenced.

Therefore, based on the above, Defendant MAM Transportation and Andinet T. Firissa's Motion to Strike Allegations 28 and 29 in Plaintiff Clay's Complaint (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   December 1, 2023**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**